The undersigned have reviewed the award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the record as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and defendant-employer.
3. Plaintiff's average weekly wage was $495.53, which yields a compensation rate of $330.37 per week.
4. Plaintiff suffered an injury by accident on August 8, 1996, resulting in an injury to the lower back.
5. The defendant-employer admitted liability; and the parties entered into a Form 21 agreement, which was approved by the Industrial Commission on October 17, 1996.
6. The issues before the Commission are whether plaintiff is entitled to ongoing temporary total disability benefits, whether the plaintiff is entitled to a rating, and whether there is a causal connection between plaintiff's present condition and the original injury by accident.
***********
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following
 FINDINGS OF FACT
1. The plaintiff was employed by New Breed Leasing Company of Greensboro, North Carolina, as a mechanic and had been employed by them for approximately one year. He worked in the capacity of repairing and updating ER and GP containers used by the Postal Service.
2. On August 8, 1996, while in the course of his employment and while placing a lighter in an ER Container, plaintiff turned in an unusual position to get a drill and thereby suffered a herniated nucleus pulposus. This injury was timely reported and accepted as compensable by the employer. As a result of this accident, the claimant was seen by Dr. John W. Krege, a local orthopedic surgeon; and he began undergoing treatment for his back injury.
3. The plaintiff was subsequently returned to work by Dr. Krege on a light duty basis. Light duty worked out well until approximately March of 1997, when the plaintiff was cautioned about his quota beginning to lag at work. In an effort to keep this quota at the expected level, the pace of work was picked up by the plaintiff. However, in the process, his back began to bother him more. Plaintiff worked up until May 2, 1997, when, due to a worsening of his back pain condition, he was unable to continue his regular job.
4. Plaintiff has continued to see Dr. Krege and at the present time remains unable to engage in his regular gainful employment by reason of the herniated nucleus pulposus in his back. As early as September 17, 1996, an MRI, which had been ordered by Dr. Krege, demonstrated a degenerative disc left and central bulge at L5-S1. Dr. Krege recommended epidural steroids injections at Cone Day Surgery, with which plaintiff complied. Following the worsening of his pain in May of 1997, the plaintiff began treating with Dr. Krege, the approved physician. Dr. Krege said that plaintiff could be released for further light duty or that he should consider surgery. Plaintiff, on his own following this recommendation, sought out the care of Dr. Bentsen E. Paul, who has followed the plaintiff through the present.
5. On or by May 2, 1997, plaintiff had a worsening of the injuries he sustained on August 8, 1996, which resulted in the plaintiff becoming again temporarily totally disabled.
6. On April 18, 1997, after a hiatus from having seen Dr. Krege, plaintiff once again reported to Dr. Krege with back pain. The history given Dr. Krege was that he was working repairing large post office containers and had been doing fairly well until the four weeks prior to that visit, when he gradually developed increasing back pain not involving the lower extremities. This history is accepted by the undersigned as credible and convincing. Plaintiff was initially evaluated by the Urgent Medical Care Physicians, who put plaintiff on Ibuprofen, Prednisone, Cyclobenzaprine, and Tylenol #4. The plaintiff was then taken out of work for an additional week.
7. Dr. Krege's deposition testimony is clearly supportive of plaintiff's testimony as to the history of the worsening of his pain. This evidence is further corroborated by the various medical reports. Plaintiff did not report any intervening traumatic event that he associated with his back pain. Dr. Krege necessarily relied upon the credible history given by plaintiff when relating the causation back to the initial injury and when explaining the continuation of problems plaintiff experienced from the initial injury (Krege deposition, pp. 34-37.) He clearly felt that the complaints plaintiff was having in May of 1997 were consistent with those resulting from the injury plaintiff initially suffered on August 8, 1996.
8. It is clear from the competent, credible, and convincing evidence of record that on August 8, 1996, the plaintiff sustained a compensable injury on which a Form 21 agreement has been reached. There was no competent, credible, or convincing evidence of any intervening incidence or accidents that could have given rise to the herniated nucleus pulposus which was first diagnosed by MRI by the approved physician in September of 1997.
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
 CONCLUSIONS OF LAW
1. Since plaintiff has suffered a worsening of his condition and is unable to perform his regular duties, defendants shall resume temporary total disability benefits at the compensation rate of $330.37, as set forth on the Form 21 agreement. N.C.G.S. § 97-17.
2. Since plaintiff is in need of additional medical treatment, defendants shall provide all medical treatment necessary to effect a cure and give relief to plaintiff, N.C.G.S. § 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 AWARD
1. Defendants shall resume temporary total disability benefits to plaintiff pursuant to the Form 21 agreement at the compensation rate of $330.37 per week from May 2, 1997, to present and continuing until plaintiff is able to return to gainful employment or until further order of the Commission. That compensation which has accrued shall be paid to plaintiff in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall provide the medical treatment required by plaintiff as long as it effects a cure and gives relief to plaintiff.
3. An attorney's fee in the amount of twenty-five percent (25%) of the award is hereby approved for plaintiff's counsel. Twenty-five percent (25%) of the amount which has accrued shall be deducted and paid directly to plaintiff's counsel. In addition, every fourth check due plaintiff in the future shall be sent directly to plaintiff's counsel.
4. Any issue regarding a permanent partial impairment rating shall be deferred until the plaintiff reaches MMI and is released from his treating physician. Once plaintiff is rated, counsel shall confer and attempt to resolve that issue. However, in the event that issue cannot be resolved, the results of the rating shall be submitted to the undersigned for further decision or hearing as necessary.
5. Defendants shall pay the costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the ___ day of February, 1999.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER
JHB:kws